# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Karen Jacobs
(302) 351-9227
kjacobs@mnat.com

April 1, 2015

The Honorable Leonard P. Stark                             *VIA ELECTRONIC FILING*
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   *PLL Technologies, Inc. v. Altera Corp*, C.A. No. 14-942 (LPS) (CJB);
      *PLL Technologies, Inc. v. Microsemi SoC Corp*, C.A. No. 14-943 (LPS) (CJB); and
      *PLL Technologies, Inc. v. Xilinx, Inc.*, C.A. No. 14-945 (LPS) (CJB)

Dear Chief Judge Stark:

Defendants Altera Corp, Microsemi SoC Corp, and Xilinx, Inc. respectfully submit this letter concerning inclusion of a patent acquisition bar in the Protective Order. The acquisition bar proposed by Defendants is narrowly tailored to protect against inadvertent misuse of Defendants' highly confidential information in the later acquisition of patents to be asserted against the named Defendants in this action. Despite Defendants' efforts to narrow the language of the bar to minimize burden, Plaintiff refuses to agree to any acquisition bar in the Protective Order.

Defendants' proposed acquisition bar applies only to individuals who have actually reviewed highly confidential technical information relating to the accused products. It would prohibit those individuals from "engage[ing] in the acquisition (either directly or indirectly) of any patent or patent application (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisions, continuations-in-part, reexaminations, or reissues) involving the technology at issue in this litigation *for the purpose of asserting them against the products of any Defendant named in this litigation*." Ex. A ¶ 13.1 (emphasis added).

The final narrowing provision focuses this acquisition bar on the most acute type of risk associated with the acquisition of patents. Moreover, consistent with prosecution bars that have been entered in this district, the proposed bar is limited (1) by time to two years after entry of final judgment, (2) to the technology of the Patent-in-Suit, and (3) to only those individuals who have actually reviewed highly confidential "technical information relating to one or more of the products." Here, the proposed bar is even narrower because the acquisition prohibition is limited to situations where *the acquisition is for the purpose of asserting patents against Defendants' products*. Thus, the language of this bar focuses on the most likely situation where highly confidential information might be inadvertently misused. This Court has recognized this risk

The Honorable Leonard P. Stark
April 1, 2015
Page 2

and entered similar protections in other cases. Ex. B, Tr. at 29:24-30:4, *Intellectual Ventures I v. Altera Corp.*, C.A. No. 10-1065 (entering an acquisition bar and noting "the essential impossibility of human beings to completely segregate their minds and not make any inadvertent use whatsoever of any information once they are exposed to it"); *see also In re Deutsche Bank Trust Cos. Am.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort to do so may be.").

In correspondence regarding this provision, Plaintiff relied on a June 5, 2014 Hearing Transcript in *Intellectual Ventures I LLC v. AT&T Mobility LLC, et al.*, C.A. No. 12-193-LPS and related cases ("*AT&T*") to say that this Court's current practice disfavors acquisition bars. Unlike Defendants' proposal here, however, the proposed acquisition bar in *AT&T* was not limited to the acquisition of patents for the purpose of asserting them against the very products learned about in the litigation. Instead, that bar would have limited any assistance to a client in the acquisition of patents "pertaining to the field of technology of the Patents-in-Suit. . . where a substantial part of the client's business related to the acquisition and/or assertion of patents . . ." Ex. C, Plaintiffs' Opening Letter, *AT&T*, D.I. 248. In rejecting the *AT&T* proposal, the Court criticized the proposed bar for being "too ambiguous and too broad." *Id.* at 46:13-47:5; *see also* Ex. B at 20:24-21:9; 25:4-20 (addressing vagueness and overbreadth concerns). The bar Defendants propose here is not similarly vague, ambiguous, or overbroad because it does not hinge on a broad "field of technology" or an assessment of whether a "substantial part of the client's business relate[s] to the acquisition and/or assertion of patents." Rather, Defendants' proposed bar simply seeks to limit counseling regarding the acquisition of patents ***for the purpose of being asserted against Defendants***.

This proposal also is unlike the acquisition bars that have been proposed in other cases that seek to prohibit participation in the acquisition of any patents in a stated field without respect to the purpose of the acquisition. *See* Ex. D at 2, Netflix Opening Letter Brief, *Copy Protection LLC v. Netflix*, C.A. No. 14-365-LPS (proposing an acquisition bar applying to all patents "relating to the subject matter of the litigation"); Ex. E at Exhibit 1 at 17.1, Exhibit 1 to Defendants' Joint Letter Brief, *Graphics Properties Holdings, Inc. v. Google Inc., et al.*, C.A. No. 12-1394-LPS (proposing an acquisition bar applying to all patents "relating to LCD technologies, computer processors, and graphics processing technologies"); Ex. F at 1, Defendants' Opening Letter Brief, *Pragmatus Telecom LLC v. Genesys Telecomm'ns Labs., Inc., et al.*, C.A. No. 14-26-RGA (proposing an acquisition bar applying to all patents that include "claims related to live chat technology").

Defendants' concern that their highly confidential information will be misused, even inadvertently, to acquire patents for the purpose of being asserted against Defendants' products is heightened here. Plaintiff is an entity owned by WiLAN, a non-practicing entity whose business largely or entirely comprises the acquisition and assertion of intellectual property. *See* Ex. G, Plaintiff PLL Technologies, Inc.'s Initial Disclosures Pursuant to Default Standard for Discovery Section 3 (identifying WiLAN employees as knowledgeable of the acquisition of the patent-in-suit); Ex. H, Patent Owner's Initial Mandatory Notices at 2 ("PLL Technologies, Inc. is a subsidiary of WiLAN Technologies Inc., which is a subsidiary of WiLAN, Inc., a publicly traded

The Honorable Leonard P. Stark
April 1, 2015
Page 3

company."). Given the fact that Plaintiff and its parent WiLan are non-practicing entities, there is little doubt that the inadvertent disclosure of highly confidential information is at risk where the same individuals who have access to highly confidential information are also advising on patents to be acquired for the purposes of asserting them against the Defendants. Plaintiff's unwillingness to agree to this narrow acquisition bar is telling.

During meet and confer, Plaintiff also asserted that "[s]uch a bar would significantly restrict our ability to practice law and advise our clients, as well as the ability of experts to provide consultation." To the contrary, the bar proposed here is narrowly tailored to the specific instance where Plaintiff's outside counsel or experts are involved in acquiring patents for the purpose of asserting them against these particular Defendants. It does not put any undue burden on counsel's ability to practice law or advise clients, or the ability of experts to provide consultation, to restrict these narrow activities against these three Defendants.

Defendants' proposed acquisition bar is narrowly tailored to prevent against the most acute risk of inadvertent disclosure—the misuse of Defendants' highly confidential information for the purpose of acquiring patents to assert against Defendants' products. Accordingly, Defendants respectfully request that the Court include the proposed acquisition bar in the parties' Protective Order.

Respectfully,

*/s/ Karen Jacobs*

Karen Jacobs (#2881)


cc:   Clerk of Court (Via Hand Delivery)
      All Counsel of Record (Via Electronic Mail)

9032007